**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

Gavin W. Bruce
Assistant U.S. Attorney
gavin.bruce@usdoj.gov
(541) 465-6771
*Reply to Eugene Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Natalie K. Wight, United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

December 5, 2024

Candice L. Fields
Candice Fields Law, PC
400 Capitol Mall
Suite 1620
Sacramento, CA 95814

    Re:    *United States v. William Travis Cutlip* Case No. 6:24-CR-358-MC
            Plea Agreement Letter

Dear Ms. Fields:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant agrees to plead guilty to Count One of the Indictment, which charges the crime of conspiracy to traffick in firearms, in violation of Title 18, United States Code, Sections 933(a)(1), (a)(3).

3.    **Penalties**: The maximum sentence is 15 years' imprisonment, a fine of $250,000, a term of supervised release from 5 years to life, and a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below.

4.    **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

Re: William Travis Cutlip Plea Agreement Letter
Page 2
December 5, 2024

5. **Waiver of Discovery**: As a material term of this offer and agreement, defendant expressly accepts the USAO's offer to make available the evidence gathered in the investigation of this matter for on-site inspection in full satisfaction of the government's discovery obligations in this case. Defendant knowingly, intelligently, and voluntarily waives its rights to further production of evidence or information from the government, even though it may be entitled to such production pursuant to the Federal Rules of Criminal Procedure, the discovery orders of the Court, and any prior demands for discovery.

6. **Elements and Factual Basis**: In order for defendant to be found guilty of Count One of the Indictment, the government must prove the following elements beyond a reasonable doubt:

First, the defendant and others agreed to a common and unlawful plan to knowingly ship, transport, transfer, caused to be transported or disposed of a firearm to another person;

Second, that the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose;

Third, the shipping, transporting, transferring, causing to be transported or disposition of the firearm was in or otherwise affecting interstate commerce; and

Fourth, the defendant knew or had reasonable cause to believe that the use, carrying or possession of the firearm by the other person/recipient would constitute a felony.

Defendant admits the elements of the offense alleged in Count One of the Indictment and agrees the following facts are true, could be proved beyond a reasonable doubt, and are sufficient to support a plea of guilty:

On or about December 19, 2023, in the District of Oregon, Mr. Cutlip and his co-conspirators broke into Adult Victim 1's underground vault in Bandon, Oregon and stole approximately $1,000,000 in cash, as well as gold coins and bullion, silver coins, and firearms.

Following the initial burglary, Mr. Cutlip informed another co-conspirator that the vault remained open. The co-conspirator returned to the vault and stole approximately 40 firearms and transported some of the stolen firearms to Mr. Cutlip's residence. Mr. Cutlip provided the co-conspirator with cash in exchange for the firearms and to keep quiet about his involvement in the burglary.

Sometime before January 31, 2024, several of the stolen firearms, which had been stored at Mr. Cutlip's residence, were transferred to other individuals, including three firearms that were eventually recovered following law enforcement activity in California.

Re: William Travis Cutlip Plea Agreement Letter
Page 3
December 5, 2024

Mr. Cutlip admits that the transporting, transferring, and disposition of the firearms was in or otherwise affected interstate commerce.

7. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

8. **Relevant Conduct**: The parties agree that the following guideline calculations presently apply in this case:

| | |
|---|---|
| Base offense level [USSG § 2K2.1(a)(6)] | 14 |
| Offense involved 25-99 firearms [USSG § 2K2.1(b)(1)(C)] | +6 |
| Stolen firearms [USSG § 2K2.1(b)(4)] | +2 |
| Recipient Adjustment [USSG § 2K2.1(b)(5)(C)] | +5 |
| Acceptance of Responsibility | -3 |
| Variance under 18 U.S.C. § 3553 | -2 |
| **Adjusted offense level** | **22** |

9. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

10. **Sentencing Recommendation**: The USAO will recommend the low end of the applicable guideline range as long as defendant demonstrates an acceptance of responsibility as explained above.

11. **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions. Defendant may argue for a variance under 18 U.S.C. § 3553 and seek any sentence he deems appropriate.

12. **Abandonment of Firearms**: By signing this agreement, defendant hereby voluntarily abandons all right, title, and interest to any firearms seized as part of this case.

13. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except

Re: William Travis Cutlip Plea Agreement Letter
Page 4
December 5, 2024

for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

14. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

15. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

16. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

17. **Forfeiture Terms**:

A. **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 2253, including his cell phone, which defendant admits was used to facilitate defendant's criminal activity as set forth in the information.

B. **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. Defendant further waives the right to notice of any forfeiture

Re: William Travis Cutlip Plea Agreement Letter
Page 5
December 5, 2024

proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

      C.    **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

      D.    **Title Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

      E.    **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

      F.    **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

18.    **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

19.    **Deadline**: This plea offer expires if not accepted by December 6, 2024, at 5:00pm.

                                            Sincerely,

                                            NATALIE K. WIGHT
                                            United States Attorney

                                            *s/ Gavin W. Bruce*
                                            GAVIN W. BRUCE
                                            Assistant United States Attorney

Re: William Travis Cutlip Plea Agreement Letter
Page 6
December 5, 2024

    I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

12/6/24
Date

_____
WILLIAM TRAVIS CUTLIP
Defendant

    I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

12/6/24
Date

_____
CANDICE L. FIELDS
Attorney for Defendant