**CANDICE L. FIELDS**
cfields@candicefieldslaw.com
CANDICE FIELDS LAW, PC
621 Capitol Mall, Suite 900
Sacramento, CA  95814
Telephone:  (916) 414-8050
Facsimile: (916) 790-9450


**MICHELLE KERIN, OSB No. 965278**
michelle@angelicalfo.com
ANGELI & CALFO LLC
121 SW Morrison Street, Suite 400
Portland, OR 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

*Attorneys for Defendant William Travis Cutlip*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>WILLIAM TRAVIS CUTLIP,<br><br>        Defendant. | Case No. 6:24-cr-00358-MTK-3<br><br>DEFENDANT WILLIAM TRAVIS CUTLIP'S SENTENCING MEMORANDUM<br><br>Sentencing Date: July 7, 2026 |

**I.**

**INTRODUCTION**

Defendant William Travis Cutlip respectfully requests a sentence of probation with 12 months of home detention as a condition of probation, together with intensive conditions directed to substance-use treatment, mental-health treatment, VA care, sober support, testing, location monitoring, and continued recovery. If the Court concludes a custodial sentence is required, Mr.

Cutlip requests one year and one day in custody, followed by five years of supervised release with those same treatment-focused conditions. He also requests waiver of any fine, imposition of the mandatory special assessment, voluntary surrender if custody is imposed, and a recommendation that BOP designate him to the minimum-security satellite camp at FCI Sheridan if BOP determines he is eligible for minimum-security placement, or otherwise to FCI Sheridan or the facility closest to Oregon with appropriate substance-use, mental-health, and reentry programming.

The revised Presentence Report calculates total offense level 24, Criminal History Category I, and an advisory range of 51 to 63 months. The Probation Office recommends a 36-month variance sentence. The government recommends 24 months. Those recommendations recognize the seriousness of stolen firearms entering the community, while also recognizing unusual mitigation: decorated combat service, a Purple Heart, service-connected PTSD and traumatic brain injury, full and permanent VA disability, severe opioid addiction, no criminal history points, cooperation, residential treatment, and current treatment engagement.

The defense accepts the seriousness of the conduct. This case involved burglary, stolen property, and firearms. Mr. Cutlip accepts responsibility for his own role, including his participation in the burglary and the firearm conduct that followed. See, Exhibit G to the Confidential Supplement to PSR.

The sentencing question is how best to protect the public from this defendant going forward. The record identifies severe fentanyl addiction, service-connected trauma, destabilization, and association with the offense participants as the risk factors. It also identifies sobriety, medication-assisted treatment, VA care, outpatient programming, sober support, home detention, location monitoring, and close supervision as the protective factors. Probation with 12

months of home detention would impose a serious liberty restriction while preserving the treatment structure that now reduces risk.

For this defendant, probation with 12 months of home detention is sufficient, but no greater than necessary. If the Court concludes prison custody is required, one year and one day remains sufficient.

## II.

## BACKGROUND

Mr. Cutlip served honorably in the United States Army. He deployed to Iraq and Afghanistan, earned the Combat Infantry Badge, received the Iraq Campaign Medal with two bronze service stars, and received the Purple Heart after an improvised explosive device injury. The revised Presentence Report confirms that the Department of Veterans Affairs has found him 100% total and permanently disabled based on service-connected PTSD and traumatic brain injury.

Mr. Cutlip returned from combat with injuries that shaped the years that followed. He struggled with PTSD, isolation, depression, and eventually opioid and fentanyl addiction. The government likewise acknowledges that since approximately 2011, he has struggled with heroin and fentanyl use. Dkt. No. 150.

By the time of the offense, Mr. Cutlip was deep in addiction. His judgment was significantly impaired, his life lacked structure, and he was surrounded by people and circumstances that pulled him further from treatment and good judgment. He had been living in the southern coastal community where these events unfolded. In that environment, and while using fentanyl, he accepted a story told to him by Matthew Knapp. Knapp told Mr. Cutlip that the victim was a bad person who had obtained and hidden money through serious wrongdoing.

Mr. Cutlip contorted this information and, at the time, and wrongly believed it gave him permission to commit his crimes. This is not offered to justify Mr. Cutlip's crimes. Instead, this context explains how an addicted, combat-injured man with impaired judgment came to rationalize his conduct.

Since his initial appearance, Mr. Cutlip has worked through a difficult recovery course. The revised Presentence Report records treatment through Discover Recovery, VA residential treatment, and Willamette Family Treatment Services. It also records the unremarkable relapse violations that occurred before he stabilized. This record helps the Court see the full picture: recovery began unevenly, then became meaningful once Mr. Cutlip entered longer residential treatment, accepted structure, and continued care.

The record is sufficient to support the requested sentence. It establishes Mr. Cutlip's military service and service-connected disability, the role of fentanyl addiction, the treatment history reflected in the revised Presentence Report, and his own acceptance of responsibility.

### III.

### GUIDELINES CALCULATION

The revised Presentence Report calculates a total offense level of 24 and Criminal History Category I, producing an advisory guideline range of 51 to 63 months. The plea agreement provides for a jointly recommended two-level variance under 18 U.S.C. § 3553(a) and permits Mr. Cutlip to argue for any sentence he deems appropriate. Plea Agreement, Dkt. No. 49. The Probation Office recommends 36 months. The government recommends 24 months. Dkt. No. 150. Mr. Cutlip requests a further variance to probation with 12 months of home detention or, if the Court concludes custody is necessary, to one year and one day.

The advisory range is driven by the number of firearms, the stolen-firearm enhancement, and the trafficking-related adjustment. Those considerations are serious. The guideline calculation still leaves the Court with the task required by § 3553(a): to impose a sentence sufficient, but no greater than necessary, for this defendant, whose record includes combat service, a Purple Heart, service-connected PTSD and traumatic brain injury, severe fentanyl addiction, no prior criminal history points, VA-supported care, substantial treatment progress, and continued recovery engagement.

## IV.

## SECTION 3553(a)

The government's memorandum frames the central sentencing concern as public safety. It describes stolen firearms entering the community and emphasizes that law enforcement went to great lengths to recover them. Dkt. No. 150. The defense shares that concern. The sentence should target the risk factors this record actually identifies and impose the controls most likely to prevent recurrence.

For Mr. Cutlip, the risk factors were severe opioid addiction, service-connected trauma, impaired judgment, destabilization, and association with the people and circumstances that fed the offense. The protective factors are sobriety, medication-assisted treatment, VA care, outpatient programming, sober support, home detention, location monitoring, and close supervision. A prison term would punish. A probationary sentence with 12 months of home detention would also punish, while preserving the treatment structure that now reduces risk.

While the Court should treat the firearms conduct as serious, it must ask what sentence is most effective for this specific defendant. Mr. Cutlip's addiction and service-connected injuries

PAGE 5 - DEFENDANT WILLIAM TRAVIS CUTLIP'S SENTENCING MEMORANDUM

explain why he was susceptible to the criminal thinking around him, why his judgment collapsed, and why treatment-based controls are essential to preventing recurrence.

Twelve months of home detention is a substantial restriction. Five years of supervision, whether imposed through probation or following the alternative custodial sentence, gives Probation the tools needed to protect the public: sobriety monitoring, treatment requirements, VA coordination, restrictions on criminal and drug-use environments, location monitoring, home detention, search authority, and rapid response to relapse risk.

The revised Presentence Report also places proportionality in focus. Co-defendant Matthew Knapp pled guilty to felon in possession of a firearm and received a five-year probationary term. Daniel Knapp's sentence remains pending, and the government requested 12 months and one day for him despite describing a record that included a prior felon-in-possession conviction, multiple felony convictions, firearm possession, alleged participation in the same burglary environment, mixed supervision performance, recent positive tests for alcohol, marijuana, and methamphetamine, and new charges for unauthorized use of a vehicle. Dkt. No. 148.

While Mr. Cutlip's guideline posture is higher, section 3553(a) remains individualized. His zero-point criminal history, decorated combat service, Purple Heart, service-connected PTSD and TBI, severe fentanyl addiction at the time of the offense, early cooperation, residential treatment completion, VA-supported care, and five-year supervision structure support probation with home detention. At minimum, they support the same one-year-and-one-day custodial alternative the government sought for Daniel Knapp.

The Court may also consider the related state sentence already imposed. In Coos County Circuit Court, Mr. Cutlip was sentenced to supervised probation and served 30 days in local

PAGE 6 - DEFENDANT WILLIAM TRAVIS CUTLIP'S SENTENCING MEMORANDUM

custody as a condition of probation for Burglary in the Second Degree and Aggravated Theft in the First Degree arising from the same initial underlying burglary of cash and coins. He asks the Court to treat that sentence as part of the total punishment and supervision structure, while imposing the federal sentence needed to address the firearm conduct.

The requested sentence also aligns with Mr. Cutlip's own statement. He acknowledges that firearms made the case more serious because once guns move, no one can guarantee where they end up or who may be hurt. He accepts that addiction and the story he was told about the victim explain context rather than excuse. He asks for probation with home detention because he knows he needs structure, accountability, treatment, testing, and monitoring. See, Exhibit G to the Confidential Supp to PSR. That is the correct sentencing frame: accountability through restriction and supervision, combined with the treatment structure most likely to reduce future danger.

## V.

## CONCLUSION

Mr. Cutlip respectfully requests a sentence of probation with 12 months of home detention, intensive treatment-focused conditions, no fine, and the mandatory special assessment. The requested sentence takes the firearms conduct seriously, imposes substantial punishment, protects the public through close supervision and location monitoring, and preserves the treatment structure that now reduces risk.

If the Court concludes custody is necessary, he requests one year and one day in custody, followed by five years of supervised release with treatment-focused conditions, voluntary surrender, and recommended designation to the minimum-security satellite camp at FCI Sheridan if BOP determines he is eligible, or otherwise to FCI Sheridan or the facility closest to Oregon

PAGE 7 - DEFENDANT WILLIAM TRAVIS CUTLIP'S SENTENCING MEMORANDUM

with appropriate substance-use, mental-health, and reentry programming.

Dated:  July 1, 2026                    Respectfully,

                                        */s/ Candice L. Fields*
                                        Counsel for Defendant
                                        William Travis Cutlip


                                        */s/Michelle Kerin*
                                        Counsel for Defendant
                                        William Travis Cutlip